```
          IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA


UNITED STATES OF AMERICA      )
                              )
          v.                  )   CR. NO. 3:07-cr-150-MHT
                              )   CR. NO. 2:08-cr-48-MEF
BENJAMIN SHANE FOSTER         )
a/k/a Benjamin Shawn Foster   )
```

## PLEA AGREEMENT

DEFENSE COUNSEL:              MICHAEL PETERSEN

ASSISTANT U.S. ATTORNEY:      MATTHEW W. SHEPHERD

**COUNT AND STATUTE CHARGED**:

CR. No. 3:07-cr-150-MHT:  Count 1:  18 U.S.C. § 922(g)(1)
                                    Felon In Possession Of A Firearm

CR. No. 2:08-cr-48-MEF:   Count 1:  18 U.S.C. § 922(g)(1)
                                    Felon In Possession Of A Firearm


**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:

CR. No. 3:07-cr-150-MHT:  Count 1:  18 U.S.C. § 922(g)(1)

CR. No. 2:08-cr-48-MEF:   Count 1:  18 U.S.C. § 922(g)(1)

**PENALTIES BY COUNT - MAXIMUM PENALTY**:

CR. No. 3:07-cr-150-MHT:  Count 1:  18 U.S.C. § 922(g)(1)
                                    NMT 10Y or
                                    NMT $250,000 or both;
                                    NMT 3Y SUP REL;
                                    $100 AF;
                                    VWPA.

CR. No. 2:08-cr-48-MEF:   Count 1:  18 U.S.C. § 922(g)(1)
                                    NMT 10Y or
                                    NMT $250,000 or both;
                                    NMT 3Y SUP REL;
                                    $100 AF;
                                    VWPA.

**ELEMENTS OF THE OFFENSE:**

CR. No. 3:07-cr-150-MHT: Count 1:   18 U.S.C. § 922(g)(1)

 First: The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

 Second: Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

CR. No. 2:08-cr-48-MEF: Count 1:   18 U.S.C. § 922(g)(1)

 First: The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

 Second: Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

  Matthew W. Shepherd, Assistant United States Attorney and Michael Petersen, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and Information herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),

and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in Count 1 of the Indictment in case number CR NO. 3:07-cr-150-MHT and in Count 1 of the Information in case number CR NO. Cr. No. 2:08-cr-48-MEF, the attorney for the Government will do the following:

   a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a

further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b.  The government and the defendant agree the sentences of imprisonment in case numbers CR. NO. 3:07-cr-150-MHT and CR. NO. 2:08-cr-48-MEF will run concurrently with each other.

    c. The United States agrees to move pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e), if applicable, for a downward departure in the defendant's offense level of one level for substantial assistance provided by the defendant to the investigation of other offenses. The United States further agrees, pursuant to U.S.S.G. § 5K1.1; Rule 35, Federal Rules of Criminal Procedure; and 18 U.S.C. §3553(e), if applicable, that should the Defendant provide additional substantial assistance to the investigation and prosecution of other offenses in accordance with the Cooperation Agreement below, a downward departure or later adjustment in Defendant's applicable sentence as calculated by the United States Probation Office, Middle District of Alabama may be appropriate.  Nevertheless, whether the defendant qualifies and the extent of any downward departure or adjustment is at the sole discretion of the United States and will entirely depend upon the extent of Defendant's cooperation and assistance with the investigation and prosecution of any and all crimes of

which the Defendant has knowledge.  The ultimate amount of any downward departure or adjustment shall remain in the sole discretion of the United States. Merely providing information does not amount to substantial assistance. The defendant is also advised that the government's recommendation of a one level downward departure for substantial assistance may still result in a sentencing guideline range that includes the maximum sentence.

    2. The United States may recommend and argue for any sentence it feels is appropriate, including a maximum sentence. The defendant may recommend and argue for any sentence he feels is appropriate.

    3. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

### **DEFENDANT'S PROVISIONS**

    4. The defendant agrees to the following:

    a.    To plead guilty to Count 1 of the Indictment in case number CR. NO. 3:07-cr-150-MHT and to plead guilty to Count 1 of the Information in case number CR. NO. 2:08-cr-48-MEF.

    b.    To forfeit all firearms in his possession.

    c.    Not commit any State, local or federal offenses.

## **COOPERATION AGREEMENT**

5. The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of other persons involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge.

    a. The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The Defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the United States. He agrees to fully and truthfully disclose to the United States everything he knows about any and all documents and materials in his possession that relate to violations of federal firearms statutes and any other criminal violations, federal or State, in the Middle District of Alabama and elsewhere.

b.   Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of her cooperation, concerning related offenses, will not be used against him, directly or indirectly.  The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

c.   If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him.  Thus, if at any time he should knowingly and willfully withhold evidence from the United States investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3)  to use against him in all of those prosecutions and sentencings the Indictment and documents that he has himself disclosed or furnished to the United States during the course of his cooperation;  (4)  to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant.  The parties

7

agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this agreement.  Defendant further understands that upon any breach of this plea agreement, by the Defendant, he will not be entitled to withdraw his guilty plea in this case.

**FACTUAL BASIS**

6. On or about May 11, 2007, in Randolph County, within the Middle District of Alabama, BENJAMIN SHANE FOSTER, defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

    1)     June 3, 2002, Receiving Stolen Property 2nd, case number CC 2001 000220, in the Circuit Court of Randolph County, Alabama;

    2)     June 3, 2002, Receiving Stolen Property 2nd, case number CC 2001 000143, in the Circuit Court of Randolph County, Alabama;

    3)     May 21, 1997, Extortion 2nd, case number CC 96 000136, in the Circuit Court of Randolph County, Alabama;

    4)     April 29, 1996, Theft of Property 1st, case number CC 96 000043, in the Circuit Court of Randolph County, Alabama;

    5)     March 29, 2000, Perjury 1st, case number CC 1999 000090, in the Circuit Court of Randolph County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit: a Remington, Model 7400, .30-06 rifle, in violation of Title 18, United States Code, Section 922(g)(1).

7. Also, on or about May 11, 2007, in Clay County, within the Northern District of Alabama, BENJAMIN SHANE FOSTER, defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) June 3, 2002, Receiving Stolen Property 2nd, case number CC 2001 000220, in the Circuit Court of Randolph County, Alabama;

2) June 3, 2002, Receiving Stolen Property 2nd, case number CC 2001 000143, in the Circuit Court of Randolph County, Alabama;

3) May 21, 1997, Extortion 2nd, case number CC 96 000136, in the Circuit Court of Randolph County, Alabama;

4) April 29, 1996, Theft of Property 1st, case number CC 96 000043, in the Circuit Court of Randolph County, Alabama;

5) March 29, 2000, Perjury 1st, case number CC 1999 000090, in the Circuit Court of Randolph County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit: a Remington, 12 gauge shotgun, in violation of Title 18, United States Code, Section 922(g)(1).

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

8. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other

ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

9. The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

10. The defendant, before entering a plea of guilty to Count 1 of the Indictment in case number CR NO. 3:07-cr-150-MHT and to Count 1 of the Information in case number CR NO. 2:08-cr-48-MEF as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

    d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

11. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant

13

has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    12. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the

Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

13. The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This 4th day of April, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Louis V. Franklin
Louis V. Franklin, Sr.
Criminal Chief

/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant United States Attorney
PO Box 197
Montgomery, Alabama 36101-0197

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, MICHAEL PETERSEN.

*[signature]*
BENJAMIN SHANE FOSTER
DEFENDANT

April 4, 2008
Date

*[signature]*
MICHAEL PETERSEN
Attorney for the Defendant

April 4, 2008
Date