IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:07cr150-MHT |
| | ) | (WO) |
| BENJAMIN SHANE FOSTER | ) | |

OPINION AND ORDER

Upon further consideration, it is ORDERED that defendant Benjamin Shane Foster's motion for a recommendation of retroactive designation to the Bureau of Prisons (doc. no. 87) is denied.

***

Based upon a review of the record and the transcript of the sentencing hearing, the court concludes that it did not intend at the time of sentencing for Foster's federal sentence to run concurrently with his state sentence, so it declines to make that recommendation now.

Foster was sentenced concurrently in two separate cases for two counts of being a felon in possession of a weapon. The government and Foster had entered a plea

agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) by which they agreed that Foster would receive concurrent sentences on both counts. At the hearing, the court considered rejecting the agreement because the underlying case involved Foster arguably committing attempted murder, and, under the agreement, the maximum available sentence available to the court was 120 months, which the court considered insufficient for attempted murder. The court heard testimony that Foster went armed to the house of man who had accused his brother of burglary, and shot at the man and his friend with a shotgun, resulting in the blinding of the friend in one eye. The court ultimately was persuaded that Foster's crime was more akin to aggravated assault than attempted murder and accepted the plea agreement. However, the court imposed the statutory maximum sentence on Foster, 120 months for each count, despite Foster's request for a lesser sentence.

Significantly, during the hearing, the parties discussed the case pending against Foster in state court related to the shooting, but no one discussed the possibility of running Foster's federal sentence concurrently with his forthcoming state sentence. In any case, it was clear that the court did not want to reduce Foster's punishment in any way.

The clerk of the court is DIRECTED to send a copy of this order to the Bureau of Prisons.

The clerk of the court shall also file a copy of this order in *United States v. Foster,* 2:08cr048 (M.D. Ala.).

DONE, this the 22nd day of March, 2019.

                                  /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**